**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

)
Mirta Barillas                                    )
                                                  )        Case No._____
                                                  )
                Plaintiff,                        )
                                                  )
v.                                                )
                                                  )
Metropolitan Linen Services, Corp                 )
                                                  )
Defendant.                                        )
_____ )

## **COMPLAINT**

### **INTRODUCTION**

1. Plaintiff Mirta Barillas ("Plaintiff" or "Ms. Barillas") brings this action seeking
   compensation for unpaid sick time, interference with her rights, and wrongful suspension
   and termination from her employment with Metropolitan Linen Services, Corp.
   ("Defendant").

2. In December 2021, Defendant failed to provide notice or pay for COVID-19 sick leave.

3. In January through March 2022, Ms. Barillas requested leave for "intermittent ongoing
   migraines." Defendant failed to give required notice of her rights under the Family
   Medical Leave Act of 1993 (FMLA), as amended, or the state law equivalent,
   Massachusetts Paid Family Medical Leave (MA PFML).

4. Further, Defendant illegally discriminated and retaliated against her by placing her on
   unpaid suspension for five weeks, asserting that she could only return to work if she
   agreed to stop all future use of medical leave for migraines, and terminating her when she
   did not agree to forfeit her rights under federal and state law.

5. As a result, Ms. Barillas brings this action seeking compensation under 29 U.S.C.A. §§

2601 *et seq* (FMLA); M.G.L. c. 175M § 9 (MA PFML); M.G.L. c. 149 § 148C and 150 (MA Earned Sick Time); MA Chapter 16 of the Acts of 2021 (MA COVID-19 Emergency Paid Sick Leave); and related federal and state regulations.

## JURISDICTION AND VENUE

6.  Jurisdiction is conferred upon this Court under 29 U.S.C. § 2617(a); 28 U.S.C. § 1331; and 28 U.S.C. § 1367.

7.  Defendant is subject to personal jurisdiction because it operates a business in Massachusetts and the conduct giving rise to the Complaint occurred in Massachusetts.

8.  Venue in this District is proper under 28 U.S.C. § 1391 because the Plaintiff is an individual residing in Lawrence, Massachusetts, the Defendant has its principal place of business in Massachusetts, and the conduct giving rise to the Complaint occurred in Massachusetts.

## PARTIES

9.  Plaintiff Mirta Barillas is a resident of Lawrence, MA. She worked for Defendant from 2005 to 2022.

10. Defendant Metropolitan Linen Services, Corp. is a Massachusetts corporation with a principal place of business at 105 Ward Hill Ave, Haverhill, MA 01835, where Plaintiff worked.

## FACTUAL ALLEGATIONS

11. Mirta Barillas worked for Defendant from July 21, 2005, to May 5, 2022.

12. At all times her job performance was satisfactory.

13. In recent years, Ms. Barillas worked full time on the night shift from 4 PM to 1 AM.

14. Her managers asked her to train new employees on the night shift, because she was an experienced and model worker on that shift.

15. Defendant knew of Ms. Barillas' migraines and accommodated her in the past.

16. Ms. Barillas was diagnosed with COVID-19 on December 29, 2021.

17. She learned of her diagnosis while at work. She immediately notified the secretary and two supervisors and left mid-shift to self-isolate.

18. The secretary, Yany, and supervisors, Michael and Brian, all received a copy of her positive COVID-19 test result.

19. On January 3, 2022, Ms. Barillas returned to work with the consent of her supervisor Brian. She asked Brian to be paid for her sick time, but never received a response.

20. Defendant neither notified her of her right to 40 hours of job-protected paid sick time for COVID-19, nor paid her for this sick time.

21. On or around January 18, 2022, Ms. Barillas called in sick for three days due to migraines. She missed three full shifts.

22. Defendant's HR manager Karen Harrigan requested a doctor's letter and Ms. Barillas complied on January 21.  Ms. Harrigan requested the letter be revised to include the doctor's signature and Ms. Barillas complied.

23.  The January 21 doctor's letter described Ms. Barillas' migraine symptoms and anticipated need to miss work or leave work "unexpectedly" in the future due to "intermittent ongoing migraines."

24. Despite this doctor's letter and absence, Defendant did not notify Ms. Barillas of her eligibility for state or federal job-protected intermittent medical leave in January 2022.

25. On February 7, Ms. Barrillas called in sick due to migraines. She provided Defendant a medical letter the same day stating she was treated at a medical clinic and needed to miss two days.  She missed two shifts.

26. On February 11, Ms. Barillas had a migraine at work, notified her managers, and left

work at 9 PM, missing about 4 hours of her 8 hour shift.

27. On March 10, Ms. Barillas had a migraine at work, notified her managers, and left work at 10 PM, missing 3 hours of her 8 hour shift.  She requested and took the following day off on March 11 and provided a doctor's letter stating that she was treated that day and she could return to work on her next regularly scheduled shift.

28. On March 24, Ms. Barillas called in sick due to migraines. She missed one shift.

29. On March 28, Ms. Barillas called in sick due to migraines.  She provided Defendant a medical letter stating she was treated in the emergency room that day and could return to work on March 30, 2022.  She missed two shifts.

30. On March 29, HR manager Karen Harrigan notified Ms. Barillas through her husband (who also works for Defendants) that Ms. Barillas had to come in that same day to fill out paperwork about work authorization. Mirta went to work, despite her medically-certified need for the day off, and completed the paperwork.

31. Immediately following the paperwork, Ms. Harrigan called Ms. Barillas into a meeting ("Meeting 1") with her supervisor, Brian, and an interpreter, Jose Vargas.

32. In this meeting, Ms. Harrigan stated that Ms. Barillas looked sick, that she was "missing too much work for migraines," that she should go home for a month to rest, and that she could return to work on May 4 provided she had a doctor's letter clearing her to work.

33. In protest, Ms. Barillas showed the doctor's letter from March 28, stating "[s]he may return to work on 3/30/22."  Ms. Harrigan did not accept this medical opinion.

34. On March 29, 2022, Defendant effectively suspended Ms. Barillas without pay for five weeks, despite calling it a "medical leave."

35. Ms. Barillas did not request this "medical leave" and no doctor recommended it.

36. Ms. Barillas used her accrued vacation hours during this unpaid suspension because Ms.

Harrigan said that was "the only way" the time off would be paid.

37. Despite this "medical leave," Defendant did not notify Ms. Barillas of her eligibility for state or federal job-protected medical leave in March or April 2022.

38. On May 3, 2022, Ms. Barillas attended a meeting with Defendant to discuss her return to work ("Meeting 2").  In attendance were HR manager Karen Harrigan (on the phone) and supervisor Brian, with Ms. Harrigan's assistant serving as interpreter.

39. In the meeting, Ms. Barillas provided Defendant a doctor's letter dated May 3 stating she "may return to full duty immediately with no restrictions," as requested by Defendant.

40. In the meeting, Ms. Harrigan did not accept this medical opinion.  Ms. Harrigan stated that "cleared to work" meant that Ms. Barillas could no longer miss work or leave mid-shift due to migraines, that any such absences would not be excused, and that a second doctor's letter was needed to verify migraines would not happen again in the future.

41. In the meeting, Ms. Barillas disagreed, explained she was ready to return to work and wanted to work, had complied with Defendant's request for a medical letter, but reiterated that she may have migraines sometimes in the future.

42. Ms. Harrigan disagreed and recommended asking the doctor about "disability."

43. In this meeting or following, Defendant did not notify Ms. Barillas of her potential eligibility for state or federal job-protected medical leave in May 2022.

44. On May 4, 2022, in an attempt to comply with Defendant's requests, Ms. Barillas told her doctor that her job wanted a "disability" letter.  The doctor's office replied that she was not disabled by migraines.  Her doctor wrote and sent Defendant a second letter stating "It is my medical opinion that Mirta Barillas may return to full duty immediately with no restrictions. Mirta continues to experience intermittently occurring migraines with sudden onset which may result in her need to leave her work responsibilities unexpectedly."

45. Ms. Harrigan told Ms. Barillas she did not receive this second letter.

46. Mass General Hospital faxed the May 4 letter to Karen Harrigan again on May 9 and May 11. Each time Ms. Harrigan denied receiving the letter.

47. On May 5, 2022, Defendant stated under oath that it did not expect Ms. Barillas to return to work in a questionnaire issued by the Massachusetts Department of Unemployment.

48. On this questionnaire, Defendant explained that "Mirta is a valuable employee. We would love to have her back but ... full attendance is very important. At this time, her inconsistency with attendance does not align with our employment needs."

49. Defendant effectively terminated Ms. Barillas on or about May 5, 2022, without notice.

50. On May 6, not knowing she had been terminated, Ms. Barillas attempted to preserve her job.  She contacted her supervisor Michael. She asked why her ADP payroll account had been "Active" after Karen and Brian "sent her home for a month" in April, but now that she had medical clearance to return to work, ADP looked "totally different" and showed she was on "Leave." There was no response.

51. Defendant removed Ms. Barillas from their ADP payroll system sometime prior to May 13, 2022 by marking her "Terminated."

52. At no point in 2022 did Defendant provide Ms. Barillas with a notice of eligibility and instructions to apply for FMLA.

53. As a result, Ms. Barillas never filed a claim for FMLA with Defendant.

54. At no point during Ms. Barillas' employment did Defendant issue her written instructions in her primary language, Spanish, of her right to MA PFML benefits or how to apply for such benefits, including its Employer Identification Number.

55. Due to the lack of information from Defendant, Ms. Barillas' claim for intermittent leave for migraines under the MA PFML program was delayed until June 7, 2022.

56. In that application, which the MA Department of Family and Medical Leave approved, Ms. Barillas' doctor certified that she had a serious medical condition (migraines) requiring intermittent leave, retroactive to January 2022.

57. At no point in 2022 did Defendant request a second medical opinion about her fitness to return to work or her need for intermittent medical leave for migraines.

58. As a result of wrongful suspension and termination, Ms. Barillas has lost income and suffered stress, depression, and worsened migraine symptoms, including multiple Emergency Room visits.

59. On September 21, 2022, the Massachusetts Attorney General authorized Ms. Barillas to file a private suit to enforce her state earned sick time rights (attached as Exhibit A).

## CLAIMS FOR RELIEF

### COUNT ONE

### U.S.C. §§ 2601 et seq: FMLA INTERFERENCE WITH RIGHTS

60. Plaintiff restates the allegations of this Complaint as if restated here.

61. Defendant is a "covered employer" subject to the Family Medical Leave Act of 1993 as amended, 29 U.S.C. §§ 2601 *et seq*. ("FMLA").

62. Ms. Barillas was at all times during her employment by Defendant highly qualified for her job and an "eligible employee" under the FMLA, 29 U.S.C. § 2611(2).

63. Ms. Barillas' migraines were serious health conditions which rendered her temporarily unable to work on an intermittent basis, consistent with 29 U.S.C. § 2612.

64. Ms. Barillas qualified for and was entitled to FMLA benefits, including the right to intermittent medical leave, a return to her position after leave, and protection from retaliation for having sought and taken leave.

65. Ms. Barillas gave Defendant appropriate notice of her need for FMLA-covered intermittent leave, including written notice on January 21 and May 4, 2022.

66. Defendant denied Ms. Barillas the benefits she was entitled to under FMLA, by failing to provide her: notice of her eligibility under the statute and corresponding paperwork within five days to certify her request for intermittent medical leave; reinstatement to her same position, pay, and conditions without interference; the right not to be disciplined for taking protected leave; and the right to oppose practices made unlawful by the FMLA.

67. Based on the foregoing Ms. Barillas hereby charges the Defendant with interfering with her FMLA rights in violation of the FMLA.

## COUNT TWO

### U.S.C. §§ 2601 et seq: FMLA DISCRIMINATION

68. Plaintiff restates the allegations of this Complaint as if restated here.

69. As a direct result of Plaintiff exercising her rights under the FMLA, including having sought and taken leave for her serious medical condition protected by the FMLA, and/or as a result of her announced need for future FMLA medical leave, Defendant suspended and terminated Ms. Barillas.

70. Based on the foregoing. Ms. Barillas hereby charges the Defendant with discriminating against her for availing herself of her FMLA rights.

## COUNT THREE

### U.S.C. §§ 2601 et seq: FMLA RETALIATION

71. Plaintiff restates the allegations of this Complaint as if restated here.

72. Ms. Barillas availed herself of protected rights under the FMLA, including the right to FMLA leave, the right to reinstatement to her same position, pay, and conditions without

interference, the right not to be disciplined for requesting or taking protected leave, and the right to oppose practices made unlawful by the FMLA.

73. Ms. Barillas was suspended and terminated from employment by the Defendant because she availed herself of these FMLA rights.

74. Based on the foregoing. Ms. Barillas hereby charges the Defendant with retaliation in violation of the FMLA.

## **COUNT FOUR**

### M.G.L. c. 175M § 9: PAID FAMILY AND MEDICAL LEAVE RETALIATION

75. Plaintiff restates the allegations of this Complaint as if restated here.

76. Defendant is an employer subject to M.G.L. c. 175M and is prohibited from making "any negative change" to the employment of an employee using her right to medical leave.

77. Ms. Barillas exercised her right under G.L. c. 175M by requesting intermittent leave.

78. Ms. Barillas leave was "Job Protected Leave" under G.L. c. 175M and 458 CMR 2.02 as of January 2022, because she took a "type of leave that is associated with a qualifying reason, regardless of whether an application for benefits has been submitted to the Department in connection therewith or whether that leave is paid or unpaid."

79. In response, Defendant placed Ms. Barillas on an unpaid suspension immediately following her use of intermittent medical leave; conditioned her return to work on the her promising not to take additional intermittent medical leave; and terminated her employment when she did not agree.

80. Based on the foregoing, Ms. Barillas charges that Defendants illegally retaliated against her because she exercised her rights under G.L. c. 175M.

## **COUNT FIVE**

### M.G.L. c. 149 § 148C: EARNED SICK TIME INTERFERENCE

81. Plaintiff restates the allegations of this Complaint as if restated here.

82. Defendants are employers subject to M.G.L. c. 149 §148C and are prohibited from taking actions that "interfere with, restrain, or deny the exercise of, or the attempt to exercise" of the right to request and use earned sick time hours.

83. In 2022, Ms. Barillas was eligible to use sick time under M.G.L. c. 149 § 148C(d)(1).

84. Ms. Barillas had an illness or medical condition requiring her to miss work, a reason qualifying her to use earned sick time under M.G.L. c. 149 § 148C(c).

85. Ms. Barillas provided "reasonable documentation" to Defendant in compliance with M.G.L. c. 149 § 148C(f), which Defendant rejected on multiple occasions.

86. When Ms. Barillas attempted to return to work in May 2022, she explained she had an ongoing future need to use earned sick time due to migraines.

87. Defendant stated that she could only return to work if she ceased missing work for migraines, and fired her when she did not agree.

88. Based on the foregoing, Ms. Barillas charges that Defendants illegally interfered with, restrained, and denied her the exercise of her right to job-protected earned sick time.

## COUNT SIX

### MA Chapter 16 of Acts of 2021: NONPAYMENT OF COVID-19 EMERGENCY PAID SICK LEAVE (EPSL)

89. Plaintiff restates the allegations of this Complaint as if restated here.

90. Defendants are employers under and subject to EPSL and are therefore required by law to provide 40 hours of job-protected paid time off from work for employees who need to self-isolate due to COVID-19 diagnosis or symptoms, and are required to provide employees individual and posted notice of these rights. Ch. 16 of Acts of 2021 § 10(i).

91. Ms. Barillas reported testing positive for COVID-19 on December 29, 2021, a qualifying

reason to take job-protected EPSL under Ch. 16 of Acts of 2021 § 10(b).

92. Ms. Barillas provided notice to Defendants of her need for emergency paid sick leave "as soon as practicable," in compliance with Ch. 16 of Acts of 2021 §10(d).

93. Ms. Barillas' self-isolation was eligible for payment under EPSL.

94. From December 29, 2021, to January 2, 2022, Ms. Barillas missed 2.5 days of work which Defendant failed to pay.

95. Ms. Barillas returned to work on January 3, 2022, prior to exhausting the 40 allotted hours to recover, because Defendant failed to notify her of her EPSL rights.

96. Based on the foregoing, Ms. Barillas charges that Defendants illegally failed to offer her or pay her for 40 hours of COVID-19 EPSL.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests judgment entered against the Defendant as follows:

a.  Actual monetary damages against Defendants in an amount sufficient to compensate her for unpaid sick time and lost wages while she is out of work;

b.  Treble damages as liquidated damages for violation of the MA PFML and MA Earned Sick Time statutes;

c.  Alternatively, double damages as liquidated damages for violation of the FMLA;

d.  Compensation for worsening migraines and emotional distress as a result of her unlawful termination;

e.  Immediate reinstatement to her job with Defendants, without illegal conditions to forfeit her future rights under Earned Sick Time, MA PFML, or FMLA statutes;

f.  Costs of this action;

g.  As to all counts, reasonable attorneys' fees; and

h.   Such other relief as this Honorable Court shall deem to be equitable and just.


PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.


Dated: September 23, 2022                    Respectfully submitted,

                                             Mirta Barillas

                                             By her attorney,

                                             */s/ David McKenna*
                                             David McKenna
                                             Attorney
                                             BBO # 709473
                                             dmckenna@gbls.org
                                             Greater Boston Legal Services
                                             197 Friend St.
                                             Boston, MA 02114
                                             617-500-3419