UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MIRTA BARILLAS, <br><br>         Plaintiff, <br><br> v. <br><br> METROPOLITAN LINEN SERVICES, CORP., <br><br>         Defendant. | Case No. 1:22-cv-11615-IT |

**DEFENDANT METROPOLITAN LINEN SERVICES, CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Defendant Metropolitan Linen Services, Corp. ("Defendant"), by and through its undersigned counsel, hereby responds to the allegations set forth in Plaintiff Mirta Barillas's ("Plaintiff") Complaint ("Complaint") as follows:

**INTRODUCTION**

1. The statements contained in Paragraph 1 of the Complaint require no response. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits Plaintiff was occasionally absent from work due to migraine headaches. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. The statements contained in Paragraph 5 of the Complaint require no response. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. The allegations contained in Paragraph 6 constitute a conclusion of law and therefore require no response.

7. The allegations contained in Paragraph 7 constitute a conclusion of law and therefore require no response.

8. The allegations contained in Paragraph 8 constitute a conclusion of law and therefore require no response.

## PARTIES

9. Defendant admits Plaintiff worked for Defendant from 2005 to 2022. Defendant is without sufficient information or knowledge to either admit or deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits Plaintiff's performance while at work was generally satisfactory.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits to using current employees, including Plaintiff when she was employed by Defendant, to train new employees.

15. Defendant admits Plaintiff was occasionally absent from work due to migraine headaches.

16. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendant is without sufficient information or knowledge to either admit or deny whether Plaintiff learned she was diagnosed with COVID-19 and, if so, when. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits Plaintiff was present at work on January 3, 2022. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits its HR manager, Karen Harrigan, requested from Plaintiff an updated doctor's note indicating Plaintiff might have to leave her shift due to, which Plaintiff provided.

23. Defendant admits the doctor's note provided by Plaintiff indicated she might have to leave her shift due to migraines.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits Plaintiff called out of work and was absent from her shifts on February 7, 2022 and February 8, 2022. Defendant is without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits Plaintiff worked only approximately 4.5 hours on February 11, 2022. Defendant is without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits Plaintiff called out of work and was absent from her shift on March 10, 2022. Defendant is without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits Plaintiff called out of work and was absent from her shift on March 24, 2022. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits Plaintiff was absent from her shifts on March 28, 2022 and March 29, 2022. Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits Plaintiff's husband works for Defendant. Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits there was a meeting between Plaintiff, Karen Harrigan, via telephone, Brian Liebovitz and an interpreter, Jose Vargas, on March 29, 2022.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits, when Plaintiff requested leave to "feel better and rest," Defendant informed her she could take as much time as she needed, using accrued vacation time or taking unpaid time off, and Plaintiff elected to use her accrued vacation time. Defendant denies the remaining allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant admits there was a meeting between Plaintiff, Karen Harrigan, Brian Liebovitz, and a temporary employee acting as an interpreter on or around May 3, 2022. Defendant denies that Ms. Harrigan was present on the phone.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant is without sufficient information or knowledge to either admit or deny the allegations in Paragraph 44 of the Complaint.

45. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendant admits to stating on a questionnaire issued by the Massachusetts Department of Unemployment that it did not expect Plaintiff to return to work.

48. Defendant admits the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendant admits Plaintiff's status in ADP was changed to "Terminated" in order to stop the accrual of benefits pursuant to the unpaid leave policy described in the Employee Handbook.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant admits Plaintiff never filed a claim for FMLA benefits with Defendant.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant admits Plaintiff applied for Paid Family and Medical Leave benefits, which was initially denied but approved following an appeal by Plaintiff. Defendant is without sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 56.

57. Defendant admits the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. The allegations contained in Paragraph 59 of the Complaint reference a document, the contents of which speak for themselves. To the extent the allegations misstate the contents of the document, they are denied.

## CLAIMS FOR RELIEF

## COUNT ONE

### U.S.C. §§ 2601 et seq: FMLA INTERFERENCE WITH RIGHTS

60. Defendant repeats and incorporates its answers to Paragraphs 1 through 59 of the Complaint as if fully set forth therein.

61. The allegations contained in Paragraph 61 constitute a conclusion of law and therefore require no response.

62. Defendant admits Plaintiff's performance while at work was generally satisfactory. The remaining allegations contained in Paragraph 62 constitute a conclusion of law and therefore require no response.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. There are no allegations contained in Paragraph 67 of the Complaint. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 67 of the Complaint.

## COUNT TWO

### U.S.C. §§ 2601 et seq: FMLA DISCRIMINATION

68. Defendant repeats and incorporates its answers to Paragraphs 1 through 67 of the Complaint as if fully set forth therein.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. There are no allegations contained in Paragraph 70 of the Complaint. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 70 of the Complaint.

## COUNT THREE

### U.S.C. §§ 2601 et seq: FMLA RETALIATION

71. Defendant repeats and incorporates its answers to Paragraphs 1 through 70 of the Complaint as if fully set forth therein.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. There are no allegations contained in Paragraph 74 of the Complaint. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 74 of the Complaint.

## COUNT FOUR

### M.G.L. c. 175M § 9: PAID FAMILY AND MEDICAL LEAVE RETALIATION

75. Defendant repeats and incorporates its answers to Paragraphs 1 through 74 of the Complaint as if fully set forth therein.

76. The allegations contained in Paragraph 76 constitute a conclusion of law and therefore require no response.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. The allegations contained in Paragraph 78 constitute a conclusion of law and therefore require no response.

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. There are no allegations contained in Paragraph 74 of the Complaint. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 74 of the Complaint.

## COUNT FIVE

### M.G.L. c. 149 § 148C: EARNED SICK TIME INTERFERENCE

81. Defendant repeats and incorporates its answers to Paragraphs 1 through 80 of the Complaint as if fully set forth therein.

82. The allegations contained in Paragraph 82 constitute a conclusion of law and therefore require no response.

83. The allegations contained in Paragraph 83 constitute a conclusion of law and therefore require no response.

84. The allegations contained in Paragraph 84 constitute a conclusion of law and therefore require no response.

85. Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in Paragraph 96 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. There are no allegations contained in Paragraph 88 of the Complaint. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 88 of the Complaint.

## COUNT SIX

### MA Chapter 16 of Acts of 2021: NONPAYMENT OF COVID-19 EMERGENCY PAID SICK LEAVE (ESPL)

89. Defendant repeats and incorporates its answers to Paragraphs 1 through 88 of the Complaint as if fully set forth therein.

90. The allegations contained in Paragraph 90 constitute a conclusion of law and therefore require no response.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant admits Plaintiff was absent from part of her shift on December 29, 2021 and the entirety of her shifts on December 30, 2021 and December 31, 2021. Defendant denies the remaining allegations contained in Paragraph 94 of the Complaint.

95. Defendant admits Plaintiff was present at work on January 3, 2022. Defendant denies the remaining allegations contained in Paragraph 95 of the Complaint.

96. There are no allegations contained in Paragraph 96 of the Complaint. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 96 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant acted reasonably and in good faith and did not violate any rights which may be secured to Plaintiff under federal, state, or local laws, rules, regulations, or guidelines.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not suffer a serious health condition.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not retaliate against the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered any injury, harm, or damages because of Defendant's actions, which Defendant denies, she has failed to mitigate her damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff, by her conduct, actions, or omissions and/or the conduct, actions, or omissions of her agents, has waived any and all rights she may have against Defendant and, therefore, cannot recover any judgment against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, by her conduct, actions or omissions and/or the conduct, actions, or omissions of her agents, is estopped from recovering any judgment against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant states that its actions were at all times based upon legitimate, appropriate and bona-fide business reasons.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be barred or otherwise dismissed because Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional and/or further affirmative defenses insofar as the grounds for such affirmative defenses become known to Defendant through the course of discovery in this matter.

## **JURY TRIAL DEMAND**

Defendant demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| | Respectfully Submitted, |
| | Metropolitan Linen Services, Corp. |
| | By its attorneys, |
| January 10, 2023 | *[signature]* <br> _____ <br> Jennifer L. Markowski (BBO# 655927) <br> jmarkowski@fmglaw.com <br> Christina R. Morgan (BBO# 711453) <br> crmorgan@fmglaw.com <br> Freeman Mathis and Gary, LLP <br> 60 State Street, Suite 600 <br> Boston, Massachusetts 02109 <br> (617) 963-5978 |

## CERTIFICATE OF SERVICE

I, Jennifer L. Markowski, hereby certify that on this 10th day of January 2023, I served a copy of the foregoing document via email to:

David McKenna, Esq.
Greater Boston Legal Services
197 Friend St.
Boston, MA 02114
617-500-3419
dmckenna@gbls.org

*[signature]*
_____
Jennifer L. Markowski